Opinion issued October 17, 2002










In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00448-CV

____________


NEUTRAL POSTURE, INC. AND REBECCA BOENIGK, Appellants


V.


BODYBILT, INC., ERGOBILT, INC., AND AMERICAN ARBITRATION
ASSOCIATION, Appellees






On Appeal from the 85th District Court

Brazos County, Texas

Trial Court Cause No. 02-000189-CV-85






O P I N I O N

 This is an accelerated, interlocutory appeal filed by appellants, Neutral Posture,
Inc. and Rebecca Boenigk, from an order, signed April 12, 2002, denying appellants'
application for temporary injunction to prohibit appellees from arbitrating the dispute
between the parties and compelling arbitration. See Tex. Civ. Prac. & Rem. Code
Ann. § 51.014 (Vernon 1997). Appellants have also filed a petition for writ of
mandamus in this Court under case number 01-02-00447-CV. Appellees BodyBilt,
Inc. and ErgoBilt, Inc. have filed a motion to dismiss the appeal.

 Appellees argue that even appellants agree that the Federal Arbitration Act
("FAA") applies here and, thus, mandamus, not interlocutory appeal, is the proper
remedy. See Trico Marine Servs., Inc. v. Stewart & Stevenson Tech. Servs., Inc., 73
S.W.3d 545, 547-48 (Tex. App.--Houston [1st Dist.] 2002, orig. proceeding)
(opinion on interlocutory appeal and petition for writ of mandamus). Appellants
concede in their brief that the FAA applies and that mandamus is the proper method
to review the granting of the motion to compel arbitration. However, appellants also
argue in their brief and their response to the motion to dismiss that they also sought
and were denied a temporary injunction, which denial is expressly appealable under
section 51.014(a)(4) of the Texas Civil Practice and Remedies Code. Section
51.014(a)(4) provides as follows:

 (a) A person may appeal from an interlocutory order of a district court,
county court at law, or county court that:

 . . . .


 (4) grants or refuses a temporary injunction or grants or overrules
a motion to dissolve a temporary injunction as provided by Chapter 65;
. . . .


Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon 1997).

 Generally, when a party appeals from two interlocutory orders, only one of
which is made appealable by statute, the proper course is to dismiss the portion of the
appeal that is non-appealable and rule on the portion that is appealable. Elm Creek
Villas Homeowners Ass'n v. Beldon Roofing & Remodeling Co., 940 S.W.2d 150, 154
(Tex. App.--San Antonio 1996, no writ). However, when the injunctive relief sought
is nothing more than a request to prohibit arbitration, no interlocutory appeal lies. Id. 
The Elm Creek Villas court reasoned, and we agree, that one should not be able to
disguise a non-appealable, interlocutory order as a denial of an injunction simply to
obtain an appeal that would otherwise be improper. Id. at 154-55.

 Appellants argue that Elm Creek Villas is distinguished because there, the
arguments and points of error brought by the appellants attacked only the trial court's
decision to compel arbitration. That is true, but the court said the following:

 [W]e conclude that Elm Creek is simply attempting to appeal an
otherwise unappealable order by disguising it as an injunction. We note,
for example, that the injunctive relief Elm Creek sought is really nothing
more than a request to prohibit Beldon from arbitrating the dispute. 
Assuming such an appeal were permissible (and we do not believe it is),
the arguments and points of error brought by Elm Creek attack only the
decision to compel arbitration, not the denial of injunctive relief.


Id. Here, although appellants attack the portion of the trial court's order denying a
temporary injunction, the application for temporary injunction was nothing more than
a request to prohibit appellees from arbitrating. Appellants are attempting to appeal
an otherwise unappealable order by disguising it as an injunction. Accordingly, we
grant appellees BodyBilt, Inc. and ErgoBilt, Inc.'s motion to dismiss and dismiss this
appeal for want of jurisdiction. See Id. at 155. Appellants' petition for writ of
mandamus, case number 01-02-00447-CV, remains pending in this Court.

 All other pending motions in this appeal are overruled as moot.

PER CURIAM

Panel consists of Justices Hedges, Keyes, and Duggan. (1)

Do not publish. Tex. R. App. P. 47.
1. The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.